[Civ. No. 25017. Second Dist., Div. Three. Aug. 22, 1961.]

Guardianship of the Person and Estate of JOHN DANIEL NACCARATO et al., Minors. JOHN P. NACCARATO, Appellant, v. JAMES G. BELL, as Guardian, etc., Respondent.

Allan L. Leonard for Appellant.

Boehler & Dwyer and Francis R. Dwyer for Respondent.

SHINN, P. J.—We have an appeal from an order in the matter of the estate and guardianship of John Daniel Naccarato and Timothy Edward Naccarato, minors, denying the petition of John P. Naccarato, grandfather of the minors, and their guardian *ad litem* in the proceeding, for the removal as guardian of the estates of the minors, James G. Bell, who is the stepfather of the minors, having married their mother after the death of their father. The order appealed from also denied the petition of the grandfather for appointment of a corporate guardian of the estates in the event Mr. Bell should be removed.

It was alleged in the petition that the guardian receives monthly for the benefit of each minor $61.53 as a pension from the city of Los Angeles and the further sum as Social Security benefits $47.51 and that the guardian is authorized under order of court to use from the assets of the guardianship $105.93 monthly for their support, maintenance and education, commencing February 27, 1958. The guardian was appointed January 5, 1959. It was then alleged that Mr. Bell does not in fact expend $105.93 monthly for the benefit of the minors but diverts a substantial part of the minors' pension income to purposes other than their support, maintenance and education, and that by reason thereof the interests of the guardian are adverse to those of the minors. Although the answer of the guardian to the petition does not deny any of its allegations it would appear that the trial proceeded as if the allegations which purport to state the grounds for removal were denied. The court found it was not true that the guardian does not expend $105.93 per month for the support of each minor and that it was not true that the guardian diverts a substantial part of the minors' pension income to purposes other than their support, maintenance and education. These findings fully dispose of the issues.

In the brief of appellant he does not specify as a ground of appeal insufficiency of the evidence to support the foregoing findings. However, he asserts that he requested the court to make special findings whether the guardian had commingled guardianship funds with his own, whether he used part of the guardianship funds to apply upon the payment of claims against the estate of their deceased mother, and whether the guardian was authorized by court order to transfer $1,353.66 from the guardianship account to his own personal account, and that the court refused to make such findings. Appellant's argument on this point reads as follows: "The

court erred in refusing to make specific findings as timely requested, in writing. Code Civ. Proc., Sec. 634, as amended in 1959.'' In view of the absence of any discussion of the point in the brief it will be deemed to have been abandoned.

In the brief of appellant reference is made to some evidence as to the use of guardianship funds for purposes which it is contended were improper, with citations to certain pages of a reporter's transcript. In the notice to the county clerk to prepare a record on appeal, no request was made for a reporter's transcript, and although it appears that appellant may have obtained a transcript for his own use, no reporter's transcript has been presented to this court as a part of the record on appeal. Respondent in his brief ignores appellant's statements with respect to the evidence, remarking only that the $1,353.66 referred to by appellant represents accumulated Social Security payments between the date of the death of Mrs. Bell and the appointment of respondent as guardian, which sums were paid to Mr. Bell as custodian of the minors and not as their guardian.

 Neither brief makes reference to any of the statutory grounds for the removal of a guardian. We would assume that it was the intention of appellant to charge waste or mismanagement of the estate or abuse of trust by the guardian, continued failure to perform his duties, or having an interest adverse to the faithful performance of his duties, which are made grounds for removal by section 1580 of the Probate Code. Apparently, he offered some evidence as to the claimed misuse of unspecified, but apparently small, sums for improper purposes. The court found that the allegations of the petition had not been proved, and we have no record of the evidence upon that issue. However, it is stated in respondent's brief, and not controverted, that the guardian has filed an account and it has been approved by the court. The matters of which appellant complains were for the consideration of the court when the account was presented for approval. If the account was approved, as appears to be the case, that should settle the matter and, in our opinion, does settle it.

It is interesting to note that respondent in his answer pleaded as res judicata the remarks of another judge of the court in deciding a contest between the grandfather and Mr. Bell as to who should be appointed guardian. It appears from the court's statement that Mr. Bell married the widowed mother of the two boys in about 1947 and that they have

resided in his home since they were aged 1 and 2, respectively. Apparently three daughters have been born to Mr. and Mrs. Bell since that time. All the earnings and efforts of Mr. Bell have been devoted to the interests of the family and "he has been a hard-working, industrious, good American citizen." He would have adopted the boys long ago had it not been that by so doing their pension rights would have been forfeited.

The court has a broad discretion in a proceeding for the removal of a guardian (24 Cal.Jur.2d p. 336). It is clear that the order denying the petition was well within the court's discretion.

The order is affirmed.

Vallée, J., and Ford, J., concurred.

A petition for a rehearing was denied September 8, 1961.